IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. V-04-117 |
| | § | |
| JOSE LUIS AYALA, JR. | § | |

**MEMORANDUM & ORDER**

Pending before the Court are Defendant Jose Luis Ayala, Jr.'s ("Ayala") Motion for Order to Provide Transcripts at Government Expense (Dkt. # 25) and Motion for Enlargement of Time to File Appellants 2255 (Dkt. #26).

**I.    Motion for Order to Provide Transcripts at Government Expense**

An appellant is obligated either to pay the cost of a trial transcript required for an appeal or to obtain an order of the district court exempting him from this expenditure and directing the United States to pay the costs. Fed. R. App. P. 24; 28 U.S.C. § 753(f). In pertinent part § 753(f) provides that

> [f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

In addition to having either the trial judge or a circuit judge certify that the appeal is not frivolous but presents a substantial question, the appellant must demonstrate that the transcript requested is required for proper appellate review. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985)) ("In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal.").

In the instant case, Ayala has not yet filed an appeal. He requests a copy of his sentencing transcripts. The Court also understands him to request a copy of the documents related to his arraignment as well as a copy of his docket sheet. Ayala does not provide any explanation as to how he intends to use these documents or an explanation as to why he needs them. Ayala has failed either to demonstrate a particular need for the documents or to raise a substantial question. Thus, he is not entitled to these documents and transcript at the government's expense.

Accordingly, Ayala's Motion for Order to Provide Transcripts at Government Expense (Dkt. # 25) is DENIED. If Ayala wishes to obtain the documents requested, he will be required to prepay the estimated fee in advance. 28 U.S.C. § 753(f).

**II.     Motion for Enlargement of Time to File Appellants 2255**

Ayala also requests that the Court grant him an extension of thirty days time within which to file his 28 U.S.C. § 2255 petition. The Fifth Circuit has held that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition is actually filed with the Court. *United States v. Shipman*, 61 Fed. Appx. 919, 919, 2003 WL 1111561, at *1 (5th Cir. 2003) (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (per curiam)). As noted by the Fifth Circuit, prior to the petition being filed, there is no case or controversy, and any order issued by the Court regarding the motion would be merely advisory. *Id.* For this reason, Ayala's Motion for Enlargement of Time to File Appellants 2255 (Dkt. #26) is DENIED. The Court will consider the timeliness of any § 2255 petition when and if it is filed with the Court.

It is so ORDERED.

Signed this 24th day of July, 2006.

                                                          JOHN D. RAINEY
                                           UNITED STATES DISTRICT JUDGE